# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.    18-51262 (JAM) |
| ROBERT HERNANDEZ, SR., ) | |
| ) | CHAPTER    13 |
| DEBTOR. ) | |
| ) | RE: ECF No.   60 |

### Appearances

Roberta Napolitano                                           *Chapter 13 Trustee*
10 Columbus Boulevard
Hartford, CT 06106

Neil Crane                                                          *Attorney for the Debtor*
Law Offices of Neil Crane
2679 Whitney Avenue
Hamden, CT 06518

## MEMORANDUM OF DECISION AND ORDER
## AUTHORIZING DISTRIBUTION OF FUNDS TO DEBTOR

Julie A. Manning, Chief United States Bankruptcy Judge

### I.    Introduction

On September 28, 2018, Robert Hernandez Sr. (the "Debtor") filed a Chapter 13 petition. On January 16, 2019, the Debtor filed a First Amended Chapter 13 Plan (the "First Amended Plan"). In order to meet the obligations in the First Amended Plan, the Debtor proposed to make monthly payments of $717.00 directly to the Chapter 13 Trustee from his post-petition wages and/or income. The First Amended Plan was confirmed on January 18, 2019.

On July 12, 2019, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's case for Failure to Make Plan Payments. The Chapter 13's Trustee's Motion to Dismiss was granted on September 23, 2019. At the time the case was dismissed, the Chapter 13 Trustee held $717.00 in payments made by the Debtor to the Trustee (the "funds") in accordance with the confirmed First

Amended Plan.  Although the case was dismissed, the Chapter 13 Trustee requested the Court retain jurisdiction of the case to allow her to file a memorandum addressing how the funds should be distributed.  On December 4, 2019, the Chapter 13 Trustee filed a Memorandum for Order Authorizing Refund of Funds to Debtor.  ECF No. 60.

## II.   Discussion

Upon the filing of a Chapter 13 petition, a bankruptcy estate is created.  11 U.S.C. § 541(a).  Included in the Chapter 13 bankruptcy estate are, in addition to the property specified in section 541,

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is *closed, dismissed, or converted* to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a) (emphasis added).  Therefore, "[t]he filing of a Chapter 13 petition creates an estate consisting of all of the debtor's legal and equitable interests in property at the time of the filing of the case and those acquired by the debtor after the filing (with some exceptions that are not relevant here), including a debtor's earnings."  *Williams v. Marshall*, 526 B.R. 695, 698-99 (N.D. Ill. 2014).

In most Chapter 13 cases, a debtor's post-petition earnings or wages fund the Chapter 13 plan. When a Chapter 13 plan is confirmed, section 1327(b) states "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests *all* of the property of the estate in the debtor."  11 U.S.C. § 1327(b) (emphasis added).  This means that when a debtor "transfers funds to the Chapter 13 trustee to fulfill [his] obligations under a confirmed plan …, the funds become part of the estate, and the debtor retains a vested interest in

2

them. Though creditors have a right to those payments based on the confirmed plan, the debtor does not lose his vested interest [in the funds] until the trustee affirmatively transfers the funds to creditors." *In re Michael*, 699 F.3d 305, 313 (3d Cir. 2012). The United States Supreme Court has also recognized that "'no provision in the Bankruptcy Code classifies any property, including post-petition wages, as belonging to creditors.'" *Harris v. Viegelahn*, 575 U.S. 510, 135 S. Ct. 1829, 1839, 191 L. Ed. 2d 783 (2015) (quoting *Michael*, 699 F.3d at 312-313).

The vesting language in section 1327(b) is clear—unless the plan or order confirming the plan provides otherwise, all property of the estate is vested in the debtor. The Connecticut Local Form Chapter 13 Plan unambiguously[1] provides as follows: "Pursuant to 11 U.S.C. § 1327(b), property of the estate will vest in the Debtor upon the entry of an Order Confirming this Chapter 13 Plan."[2] In this case, as will be true in virtually all Chapter 13 plans confirmed by this Court, the property of the estate vested in the Debtor upon confirmation of the First Amended Plan pursuant to section 1327(b), the terms of the First Amended Plan, and the Order Confirming the First Amended Plan.

The Chapter 13 Trustee points to conflicting law on the question of how funds that have not been transferred to creditors under a confirmed Chapter 13 plan should be distributed when the case is later dismissed. The Chapter 13 Trustee, as well as several cases to which she cites and which the Court has carefully reviewed, suggests section 349(b)(3) is the answer to the question. Section 349(b)(3) provides that "[u]nless the court, for cause, orders otherwise, a

---

[1] In fact, this provision in the Connecticut Local Form Chapter 13 Plan appears in bold and in all capital letters.
[2] While the Connecticut Local Form Chapter 13 Plan cannot be modified by a debtor, it may contain non-standard provisions. If a debtor's plan provides that property of the estate will not vest in the debtor pursuant to 11 U.S.C. § 1327(b), the plan must clearly do so and such provision must be set forth in Section VII of the Connecticut Local Form Chapter 13 Plan or it is void.

3

dismissal of a case other than under section 742 of this title—(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." The Court finds it is not necessary to turn to section 349(b)(3) because section 1327(b) establishes that the funds vested with the Debtor when the First Amended Plan was confirmed.

The cases that rely on section 349(b)(3) to establish a trustee's authority to distribute funds to a debtor in a confirmed but subsequently dismissed Chapter 13 case have not directly addressed the vesting language in section 1327(b). While it is true that section 1327(b) does not explicitly provide that undistributed funds should be returned to a debtor upon dismissal, neither does the language in section 349(b)(3). What each of those sections do provide is when and in whom property of the estate vests. Section 1327(b) applies only when a Chapter 13 plan is confirmed. Section 349(b)(3) applies when a case filed under any chapter of the Bankruptcy Code is dismissed, and "revests" property of the estate in the entity in which the property was vested before the bankruptcy case was filed. Because property of the estate has already vested in a debtor upon confirmation pursuant to section 1327(b), there is no property to *revest* in the debtor or "in the entity in which such property was vested before the commencement of the case under this title" pursuant to section 349(b)(3). Therefore, there is no question that the funds must be returned to the Debtor. Any other outcome would not be sensible.

The Court's conclusion that section 1327(b) directs this outcome is supported by the Supreme Court's analysis in *Harris*, 575 U.S. 510, 135 S. Ct. 1829. In *Harris*, the Supreme Court held that undistributed funds in a confirmed Chapter 13 case held by the Chapter 13 trustee at the time the case was converted to Chapter 7 must be returned to the debtor, not distributed to creditors. Although *Harris* involved conversion rather than dismissal of a case, *Harris*

4

recognizes that section 1327(b) vests all property of the estate in the debtor unless a plan or confirmation order provides otherwise. *Id.* at 1839. In *Harris*, the debtor's plan and confirmation order *did* provide otherwise: the plan provided that "[u]pon confirmation of the plan, all property of the estate shall not vest in the Debto[r], but shall remain as property *of the estate*." *Id.* The Supreme Court determined that the language in the debtor's plan did not change the outcome, reasoning that "Harris' wages may have been 'property of the estate' while his case proceeded under Chapter 13, but estate property does not become property of creditors until it is distributed to them." *Id.* Thus, this Court's reliance on section 1327(b) is in accord with the reasoning employed in *Harris*: section 1327(b) vests all estate property in the debtor upon confirmation of the Chapter 13 plan; if the case is subsequently converted or dismissed, that vested property remains that of the debtor.

Although the Court finds it is not necessary to rely on section 349(b) to establish that the funds should be distributed to the Debtor, section 349 and the case law applying it are instructive. The Court's holding here reaches the same result as the cases that rely upon section 349(b)(3). *See In re Edwards*, 538 B.R. 536, 541 (Bankr. S.D. Ill. 2015) ("The majority's position that post-petition wages must be returned to debtors upon dismissal is supported by § 349(b)(3)'s directive that dismissal 'revests' estate property 'in the entity in which such property was vested immediately before commencement' of the Chapter 13 case."); *In re Elms*, 603 B.R. 11, 16 (Bankr. S.D. Ohio 2019) ("Returning any funds to the debtors paid to the Trustee from the debtors' earnings, personal injury claims, or other income most closely serves to restore the parties to the positions they held at the time the case was filed."); *In re Demery*, 570 B.R. 220, 224 (Bankr. W.D. La. 2017) ("Any funds held by the Chapter 13 Trustee after dismissal should be refunded to the debtor pursuant to 11 U.S.C. § 349."); *Williams*, 526 B.R. at 699 ("Because

5

the funds held by the Trustee at the time of dismissal were still property of the estate, section 349(b)(3) operates to revest the funds in the debtors."); *In re Hamilton*, 493 B.R. 31, 46 (Bankr. M.D. Tenn. 2013) ("At dismissal after confirmation of a Chapter 13 plan, § 349(b)(3) controls and undistributed funds held by the trustee must be returned to the debtor."); *In re Slaughter*, 141 B.R. 661, 664 (Bankr. N.D. Ill. 1992) (holding that pursuant to section 349(b) debtor is entitled to receive undistributed funds acquired post-petition by trustee before Chapter 13 case was voluntarily dismissed).

### III. Conclusion

For the reasons set forth above, the Court concludes that, pursuant to 11 U.S.C. § 1327(b) and the Connecticut Local Form Chapter 13 Plan, funds held by a Chapter 13 Trustee at the time of a post-confirmation dismissal should be distributed to the debtor unless the plan or confirmation order provides otherwise. Accordingly, it is hereby

**ORDERED:** The funds held by the Chapter 13 Trustee shall be distributed to the Debtor within thirty days of the date of this Order.

Dated at Bridgeport, Connecticut this 17th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut